1
2
3
4
5

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

6
7
8
9
10
11
12
13
14
15
16
17
18
19

| | |
|---|---|
| SAN JOSE OPTIONS, INC.<br>A California Corporation<br><br>Plaintiff(s),<br><br>vs.<br><br>HO CHUNG YEH,<br>An individual<br>a/k/a  SEBASTIAN,<br>a/k/a  MIKE,<br>d/b/a/ PAINTBARFACTORY,<br>d/b/a  PAINTBARFACTORY.COM,<br>d/b/a  PERSPICACATY<br>INTERNATIONAL CORP, a sole<br>proprietorship, and DOES 1 —10,<br>inclusive,<br><br>Defendant(s). | CASE NO. C 14-00500 KAW<br><br>[MODEL] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION |

20
21
22
23
24
25
26
27
28

## 1. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

## 2. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3. LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**4. PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created or received between **1/1/2009** and **12/31/2014** will be preserved, to the extent the ESI remains in the custody, control or possession of the parties;

c) The parties will agree on the number of custodians per party for whom ESI will be preserved;

d) These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved (to the extent they still exist) but not searched, reviewed, or produced:  systems or computers that are no longer in use that cannot be accessed;

e) Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve the following: backup media created before **1/1/2009,** digital voicemail, instant messaging, automatically saved versions of documents];

f) In addition to the agreements above, the parties agree data from these sources (a) could contain relevant information but (b) under the proportionality factors, should not be preserved: ___*n.a., with caveat that party responding to discovery request reserves all rights to assert any objection per Fed. R. Civ. P. 26(b)(2) et seq*___.

**5. SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

**6. PRODUCTION FORMATS**

The parties agree to produce documents in ☒ PDF, ☒TIFF, ☒native and/or ☒paper or a combination thereof (check all that apply)] file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

**7. PHASING**

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI and the initial production will be from the following sources and custodians: ***phased discovery unnecessary***. Following the initial production, the parties will continue to prioritize the order of subsequent productions.

**8. DOCUMENTS PROTECTED FROM DISCOVERY**

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) The parties have agreed upon a "quick peek" process pursuant to Fed. R. Civ. P. 26(b)(5) and reserve rights to assert privilege as follows: ***parties may choose to "opt out" of "quick peek" process for certain documents that responding party identifies via a privilege log***.

c) Communications involving trial counsel that post-date the filing of the

complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

**9. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.


Date:  February 12, 2016                    BELVEDERE LEGAL PC


                                            By: _____/s/_____
                                            MATTHEW D. METZGER


                                            MATTHEW D. METZGER (#240437)
                                            *Attorneys for Plaintiff San Jose Options, Inc.*

Date:  February 17, 2016                    QUINTANA LAW GROUP, APC


                                            By: _____/s/_____

                                            ANDRES F. QUINANA (#190525)
                                            *Attorneys for Defendant Ho Chung Yeh*


**IT IS ORDERED** that the forgoing Agreement is approved.

Dated:  2/18/16          _____
                         UNITED STATES ~~DISTRICT~~/MAGISTRATE
                         JUDGE

4